UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TONY GILCHRIST,

14 CV 5039

COMPLAINT

Plaintiff,

PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES

- against -

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,
CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S
1-4,

Defendants.
-----------------------------------------------------------------X

RECEIVED
JUL 03 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, TONY GILCHRIST, by his attorneys, NASS & ROPER LAW, LLP,

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, TONY GILCHRIST, seeks damages to

redress the deprivation, under color of state law, of rights secured to him under the

Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

On or about April 6, 2012, at approximately 10:00 p.m., at or near the location of

Central Booking in the County, City and State of New York, Plaintiff was assaulted

by Defendants including, but not limited to, POLICE OFFICER JOHN/JANE

DOE(S) #'S 1-4, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S

1-4. It is alleged that Defendants arrested Plaintiff and used excessive force in

effectuating his arrest in violation of his constitutional rights.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.  Plaintiff, TONY GILCHRIST, at all times relevant hereto resided in New York County, specifically 9th Avenue, in the City and State of New York.

4.  Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS, is an agency of Defendant, CITY OF NEW YORK, and conducts business in the Counties, State and City of New York.

6.  Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7.  Defendants, CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-4, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS, an agency, department and/or subsidiary of Defendant, CITY OF NEW YORK.

8.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant

times hereto, Defendant CITY was responsible for making and enforcing the policies

of NYPD and was acting under the color of law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of the State of New York and/or

the City of New York.

## IV. FACTS

9.  On or about April 6th, 2013, at approximately 10:00 p.m., Plaintiff, TONY

    GILCHRIST, was at or near the location of Central Booking in the County, City and

    State of New York when he was passing through the security area.

10. GILCHRIST requested some milk and was denied and placed in a holding cell.

11. While GILCHRIST was in the holding cell, Defendant left his post near the metal

    detectors and came to the cell GILCHRIST was in.

12. Defendant opened the cell door, pulled GILCHRIST out of the cell, threw him against

    the bars and began punching him in the face and stomach area causing severe injury.

13. GILCHRIST was then thrown back into his cell while he was covered in blood and he

    requested medical attention.

14. GILCHRIST was denied medical attention because he was told he had to wait for the

    "Captain to make his tour."

15. GILCHRIST was taken to Bellevue Hospital Center with two Defendants and he was

    told by physicians there that his nose was broken.

16. GILCHRIST was subsequently brought back to Central Booking where he was

    arraigned.

17. That on or around the 1st day of July, 2013, Plaintiff's Notice of Claim and Intention

    to sue was duly served upon and filed with the CITY; said Notice was filed within

ninety (90) days after the cause of action herein accrued and set forth the names and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18.    That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

19.    Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference herein.

20.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

21.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

22.    That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

23.    That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

24.    That Plaintiff was not actively resisting arrest or attempting to evade arrest.

25.    That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

26.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

27.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

28.   That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

29.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

30.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

32.   By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

33.   Paragraphs 1 through 32 are hereby re-alleged and incorporated by reference herein.

5

34. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

35. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

37. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

38. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

39. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

40. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

41. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

42. Paragraphs 1 through 41 are hereby re-alleged and incorporated by reference herein.

43. That Defendants intended to cause harmful bodily contact to Plaintiff.

44. That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

6

45.     That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

46.     That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
## Pursuant to State Law (RESPONDEAT SUPERIOR)

47.     Paragraphs 1 through 46 are hereby re-alleged and incorporated by reference herein.

48.     That at all times, all Defendants were acting within the scope of their employment.

49.     That Defendant CITY was able to exercise control over Defendant Officers' activities.

50.     That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

51.     By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

7

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from April 6, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       July 2, 2014

                                        Yours, etc.

                                        JUSTIN M. ROPER, ESQ.
                                        ATTORNEY FOR PLAINTIFF
                                        NASS & ROPER LAW, LLP
                                        14 PENN PLAZA, SUITE 2004
                                        NEW YORK, NEW YORK 10122

## <u>ATTORNEY'S VERIFICATION</u>

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, TONY GILCHRIST. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            July 2, 2014

JUSTIN M. ROPER, ESQ.

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TONY GILCHRIST,

Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

Defendants.

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**TONY GILCHRIST**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246***

---

* Not for service of papers.